United States District Court
for the
Southern District of Florida

| Goyard St-Honore, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-60168-Civ-Scola |
| Goyy and others, Defendants. | ) | |
| | ) | |

## Order on Application for Preliminary Injunction

This matter is before the Court on the Plaintiff's Application for Entry of Preliminary Injunction (the "Application for Preliminary Injunction") (ECF No. 6) and upon the Preliminary Injunction hearing held on September 23, 2019. Plaintiff Goyard St-Honore moves for entry of a preliminary injunction against the Defendants, the Individuals, Partnerships, or Unincorporated Associations identified on Schedule "A," pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a), for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and Florida law. The Court has carefully reviewed the application, the pertinent portions of the Record, and is otherwise fully advised in the premises.

The Court convened a hearing on September 23, 2019, at which only counsel for the Plaintiff was present and available to present evidence supporting the Application for Preliminary Injunction. The Defendants have not responded to the Application for Preliminary Injunction, nor made any filing in this case, nor has the Defendants appeared in this matter either individually or through counsel. Because the Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court **grants** Plaintiff's Application for Preliminary Injunction (**ECF No. 6**).

1. **Factual Background**

The Plaintiff is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office (collectively, the "Goyard Marks").

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
|  | 1,709,953 | August 25, 1992 | IC 016 – Office requisites; namely, agendas and spare sheets therefor, repertories, desk pads, pen holders, stamp boxes for the storage of postage stamps, writing pads, address pads, pencil jars for desk use, ink wells, mail trays for desk use, note books, check cases and pen cases.<br><br>IC 018 – Articles of fancy leather, leather, cloth and skin articles; namely, valises, travel trunks, cosmetic cases, travelling bags, handbags, brief cases, attache cases, brief case type document cases, toilet cases sold empty, makeup cases sold empty, sewing cases, wallets, hat boxes for travel, business card cases, key cases, drawstring pouches, garment bags for travel, necktie cases, jewel cases, umbrellas, saddle covers, cloth carriers, articles for dogs; namely, dog collars, dog leashes, dog clothes and carrying bags. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| GOYARD | 1,821,224 | February 15, 1994 | IC 016 – Office requisites; namely, agendas, repertories, note books, check cases and pen cases.<br><br>IC 018 – Articles of fancy leather, leather, cloth and skin articles; namely, valises, travel trunks, cosmetic cases sold empty, traveling bags, handbags, briefcases, attache cases, briefcase type document cases, toilet cases sold empty, make-up cases sold empty, wallets, hat boxes for travel, business card cases, key cases, draw string pouches, garment bags for travel, necktie cases, umbrellas, saddlebags, saddle covers, and articles for dogs; namely, dog collars, dog leashes, dog clothes and carrying bags. |
| (E. Goyard Honore Paris) | 3,418,288 | April 29, 2008 | IC 018 – Bags and traveling sets, namely, traveling bags; garment bags for travel; luggage trunks; valises, vanity cases sold empty, rucksacks, handbags, beach bags, school bags; suitcases, briefcases, pocket wallets, purses, not of precious metal, leather key cases; business card cases; umbrellas, parasols, walking sticks. |
| | 4,036,898 | October 11, 2011 | IC 003 – Toilet soap; perfumes; eau de toilette and eau de cologne; cosmetic preparations; essential oils for personal use; cosmetic milks; lotions for face and body care; cosmetic creams; emulsions for cosmetic use; shampoos; gels to be used on the |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | face and body for aesthetic purposes; deodorants for personal use.<br><br>IC 009 – Spectacles; spectacle frames; sunglasses; spectacle cases; photographic apparatus, namely, cameras.<br><br>IC 014 – Precious metals and their alloys, other than for dental use; goods made of precious metals and their alloys, other than for dental use, in the nature of jewelry, namely, rings, earrings, bracelets, charms, chains, watch chains, necklaces, pins, ornaments, fashion pins, ring bands; goods made of precious metals and their alloys, other than for dental use, namely, buckles of precious metal, hat ornaments of precious metal, jewellery cases of precious metal, jewellery caskets of precious metal; jewellery, precious stones, semi-precious stones, jewelry in the nature of pearls, horological and chronometric instruments; watches, watch straps, wristwatches; boxes for watches, jewelry boxes; cuff links.<br><br>IC 018 – Goods of leather and imitations of leather, namely, travelling bags, travelling sets comprised of luggage, and garment bags for travel; trunks; suitcases; unfitted vanity cases; rucksacks; handbags; sports bags; beach bags; school bags; |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | attaché cases; document cases; briefcases; school satchels; under-arm bags, namely, handbags; leather goods, namely, wallets, purses not of precious metal, leather key cases, card holders for wallets; umbrellas; parasols; sunshade parasols; walking sticks.<br><br>IC 024 – Fabrics for textile use; textile goods, namely, bath linen not for clothing, household linen, bed linen, textile table linen, bathroom linen of textile, handkerchiefs of textile.<br><br>IC 025 – Clothing for men, women and children, namely, dresses, skirts, petticoats, culottes, ladies' suits, trousers, shorts, Bermuda shorts, swimming drawers, shirts, ladies' shirts, blouses, tee-shirts, sweatshirts, waistcoats, jackets, cardigans, pullovers, sweaters, parkas, anoraks, coats, gaberdines, raincoats, furs, sashes for wear, shawls, scarf, gloves, neckties, belts, socks, stockings, tights, underwear, pajamas, dressing gowns, swimsuits, bath robes; footwear, except orthopedic footwear, namely, shoes, sandals, boots, half-boots, boot liners, slippers; hats, berets, caps.<br><br>IC 028 – Games, namely, chess games; gymnastic and sporting articles not included in other classes, namely, baseball gloves, |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | bats for games, boxing gloves, golf gloves, golf clubs, golf bags; decorations for Christmas trees. |
| | 5,532,309 | August 7, 2018 | IC 009 – Spectacles, sunglasses, spectacle cases, spectacle frames, spectacle cords; protective cases for portable telephones, tablet computers, electronic diaries and computers; portable telephones shell cases, portable telephone straps; cases especially made for photographic apparatus and instruments; binoculars being optics; cases for binoculars; magnifying glasses being optics; cases for magnifying glasses; digital photo frames; blank USB flash drives; mouse pads; barometers; dog whistles, cases for dog whistles.<br><br>IC 014 – Jewelry, namely, finger rings, key rings, earrings, cufflinks, cases for cuff links, bracelets, charms, brooches, jewelry chains, necklaces, presentation boxes for jewelry, ornaments being jewelry, medallions being jewelry, jewelry boxes; tie pins, tie clips; timepieces and chronometric apparatus and instruments, namely, watches, straps for wrist watches, presentation boxes for watches, cases being parts of watches, alarm clocks; boxes of precious metals, their alloys or coated therewith<br>IC 016 – Printed matter, namely, posters, photo albums, greeting |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | cards, postcards; printed matter, namely, books, magazines, orientation manuals, photographs, periodicals in the field of leather goods, travel goods, leather accessories and bags, pet accessories, clothing and fashion accessories; checkbook holders; products made of cardboard or paper, namely, boxes of cardboard or paper, hat boxes of cardboard, bags being envelopes and pouches of cardboard or paper for packaging, paper table cloths, perfumed and non-pe1fumed drawer liners of paper, money clips, passport holders, table napkins of paper; office requisites excluding furniture, namely, diaries, stationery pads, notebooks, binders, cases for stamps, cases for stationery, paper knives, diary covers being stationery, letter trays, writing sets comprising inkstands and stationery, envelopes being stationery, shields being paper seals, writing paper, trays for sorting and counting money, document holders, paperweights, telephone indexes, desk pads, stamps, namely, sealing stamps; writing instruments, namely, pens, ball-point pens, propelling pencils, pencil holders, pencil cases.<br><br>IC 018 – Products made of leather or imitations of leather, namely, straps of leather, leather leashes, boxes of leather or |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | | | imitation leather, wallets of leather or imitation leather, briefcases of leather; traveling trunks, traveling bags, leather traveling sets, namely, leather cases and pouch sets for travel, garment bags for travel; trunks, attache cases, suitcases; unfitted vanity cases, backpacks, handbags, beach bags, sports bags, bags for carrying animals, briefcases, purses, wallets, coin purses, key cases being leather products, card cases being wallets, credit card holders being wallets; umbrellas, umbrella sticks, walking sticks, walking stick seats, collars for animals, animal leashes; clutch bags.<br><br>IC 024 – Fabrics and textile products, namely, textile wall hangings, household linen, bed linen, table linen of textile, bath linen except clothing, handkerchiefs of textile, covers for cushions, unfitted fabric chair covers, traveling rugs, lap robes.<br><br>IC 024 – Clothing, namely, suspenders, belts being clothing, neckties, socks, shawls, sashes for wear, scarves, gloves, bathing suits, bath robes, pocket squares being clothing; footwear, namely, sandals, boots, slippers; headgear, namely, hats, berets, caps being headwear. |

The Goyard Marks are used in connection with the manufacture and distribution of high quality luxury goods in the categories identified above. (*See* Thierry Decl. ¶¶ 4-5, ECF No. 6-1.)

The Defendants, through the Internet based e-commerce stores operating under the seller identification names identified on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing what the Plaintiff has determined to be counterfeits, infringements, reproductions or colorable imitations of the Goyard Marks. (*See id.* at ¶¶ 9-13; Wiborg-Rodriguez Decl. ¶ 2, ECF No. 6-2; Burns Decl. ¶ 4, Ex. 1-3 ECF No. 6-3.)

Although each Defendant may not copy and infringe each of the Plaintiff's trademarks for each category of goods protected, the Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the trademarks at issue. (*See* Thierry Decl., ECF No. 6-1 ¶¶ 12-13.) The Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Goyard Marks. (*See id.* at ¶¶ 9, 12-13.)

The Plaintiff retained Invisible Inc., a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of the Plaintiff's branded products by the Defendants. (*See id.* at ¶¶ 10-11; *see also* Wiborg-Rodriguez Decl. ¶ 2, ECF No. 6-2; Burns Decl. ¶ 3, ECF No. 6-3.) Invisible Inc. accessed the Defendants' e-commerce stores operating under their respective Seller IDs, placed an order for the purchase of a product bearing counterfeits of, at least, one of the Goyard Marks at issue in this action, and requested each product be shipped to the firm's addresses in the Southern District of Florida. (*See* Burns Decl. ¶ 4, ECF No. 6-3.) Following the submission of each order, Invisible Inc. finalized payment for the products ordered from Defendant Numbers 1-16 via Amazon,[1] finalized payment from Defendant Numbers 17-22 via PayPal, Inc. ("PayPal") to Defendants' respective PayPal accounts, and finalized payment from Defendant Numbers 23-67 via Defendants' respective payee,[2] as identified on Schedule "A" hereto. (*See id.*) At the

---

[1] Amazon is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. As such, Defendants' payment information is not publicly disclosed. (*See* Wiborg-Rodriguez Decl. ECF No. 6-2 ¶ 4; Burns Decl. ECF No. 6-3 ¶ 4 n.1.)

[2] "PayPal * Wish" was identified as the payee for each of Invisible's orders from Defendant Numbers 23-67's Wish.com Seller IDs. Kathleen Burns, an officer of Invisible Inc, has personal knowledge from past investigations that "WISH

conclusion of the process, the detailed web page captures reflecting the Plaintiff's branded products Invisible Inc ordered via each Defendant's Seller ID were sent to the Plaintiff's representative for inspection. (Thierry Decl. ¶ 11, ECF No. 6-1; Wiborg-Rodriguez Decl. ¶ 2, ECF No. 6-2; Burns Decl. ¶ 4, ECF No. 6-3.)

The Plaintiff's representative reviewed and visually inspected the Plaintiff's branded items purchased by Invisible through the Defendants' Internet based e-commerce stores operating under the Seller IDs and determined the products were non-genuine, unauthorized versions of the Plaintiff's products. (*See* Thierry Decl. ¶¶ 12-13, ECF No. 6-1.)

### 2. Legal Standard

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985–86 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

### 3. Analysis

The declarations and exhibits that the Plaintiff submitted in support of its Application for Preliminary Injunction support the following conclusions of law:

A. The Plaintiff has demonstrated a substantial likelihood of success on the merits. The Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by the Defendants' advertisement, promotion, sale, offer for sale, or distribution of products bearing counterfeits, reproductions, or colorable imitations of the Goyard Marks, and that the products the Defendants are selling and promoting are copies of the Plaintiff's products that bear copies of the Goyard Marks.

B. Because of the infringement of the Goyard Marks, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It clearly appears from the following specific facts, as set forth in the Complaint, Application for Preliminary Injunction, and accompanying declarations on file, that immediate and irreparable loss,

---

(ContextLogic Inc.)" is the named PayPal recipient for individual transactions conducted with the respective Seller IDs. (*See* Burns Decl., ECF No. 6-3 ¶ 4 n.2.)

damage, and injury will result to the Plaintiff and to consumers because it is more likely true than not that:
- a. The Defendants own or control Internet websites, domain names, or website businesses which advertise, promote, offer for sale, or sell products bearing counterfeit and infringing trademarks in violation of the Plaintiff's rights; and
- b. There is good cause to believe that more counterfeit and infringing products bearing the Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that the Plaintiff may suffer loss of sales for its genuine products.

C. The balance of potential harm to the Defendants in restraining its trade in counterfeit and infringing branded products if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, its reputation, and its goodwill if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect the Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit products as the Plaintiff's genuine products.

E. Under 15 U.S.C. § 1117(a), the Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through the Defendants' distribution and sales of goods bearing counterfeits and infringements of the Goyard Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that the Defendants have violated federal trademark laws, the Plaintiff has good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## 4. Conclusion

For the foregoing reasons, it is **ordered and adjudged** that the Plaintiff's Application for Preliminary Injunction (**ECF No. 6**) is **granted** as follows:

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further order of this Court:

- a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Goyard Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff; and
- b. From keeping secret, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing the Goyard Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Goyard Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Goyard Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Goyard Marks, or any confusingly similar trademarks within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such

terms which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by each Defendant, including the Internet based e-commerce stores operating under the Seller IDs;

(4) Each Defendant shall not transfer ownership of the Internet based e-commerce stores operating under their Seller IDs during the pendency of this Action, or until further order of the Court;

(5) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores operating under their Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores operating under the Seller IDs that may have been deleted before the entry of this Order;

(6) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), PayPal, Inc. ("PayPal"), ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), and their related companies and affiliates shall (i) immediately identify all financial accounts and/or sub-accounts associated with the Internet based e-commerce stores operating under the Seller IDs, the store URLs, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court;

(7) Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, Amazon, PayPal, ContextLogic, and their related companies and affiliates, shall further, within five business days of receiving this Order, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered

by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, ContextLogic and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court;

  (8) Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

  (9) This Order shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, or financial accounts which are being used by the Defendants for the purpose of counterfeiting the Goyard Marks at issue in this action and/or unfairly competing with the Plaintiff;

  (10) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Fed. R. Civ. P. 65(c), the Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

  (11) This Order is subject to the jurisdictional constraints of the Lanham Act. *See Steele v. Bulova Watch Co.*, 344 U.S. 280 (1952); *Int'l Café, S.A.L. v. Hard Rock Café Int'l (U.S.A.), Inc.*, 252 F.3d 1274, 1278-79 (11th Cir. 2001).

  (12) Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace website platforms, including but not limited to Amazon.com, eBay.com, Wish.com, PayPal, and ContextLogic, shall, at the Plaintiff's request, provide the Plaintiff's counsel with any e-mail address known to be associated with the Defendants' respective Seller IDs.

  (13) This Order shall remain in effect during the pendency of this action, or until further order of this Court;

  **Done and ordered**, in chambers, in Miami, Florida, on September 23, 2019.

                  _____
                  Robert N. Scola, Jr.
                  United States District Judge

# SCHEDULE "A"
# DEFENDANTS BY NUMBER, SELLER ID, AND PAYMENT ACCOUNT

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number / PayPal Account | Goyard Branded Item's ASIN / Store URL |
|---|---|---|---|
| 1 | Goyy | A3318L7C2X8Y0L | B07DYNTMKM |
| 2 | 0ZaEMbMBv6MPU30 | A2YMGFO4ZEUEQE | B074YGPZQK |
| 3 | Balence | A29GN74BM38AXE | B07DL5WZZM |
| 4 | DVRTKM | AJ5LR4K9R066Y | B07F1F82HW |
| 5 | Icream | A26ED2E99PRXTF | B07DWSRNHV |
| 6 | JacyJewelry | A3L3ODQBASVGDT | B07DYRL138 |
| 7 | Jecsic Store | AS135YJ3Q4GTK | B07KM4DH1Q |
| 8 | Joomsy | A21AO2PNML2YLG | B07GJFN1M3 |
| 9 | Leo Sung | A3VVXKNYI9WZJ4 | B074YJLSH3 |
| 10 | LOYEOY Whole&Sale | A3UXE4BYPYKPRJ | B0755C4DN3 |
| 11 | Mybagg | AYO9UBBKM36HQ | B07KXD5221 |
| 12 | PinchPeace | A3NJSYFSE7E118 | B016B43GO0 |
| 13 | Rosvin fashion bag | A1S78BXTPH04JU | B074YJLSH3 |
| 14 | sardal | AO99GHXI8ZW38 | B07BJ56KMV |
| 15 | XiShuangJi | A2MIU9PD4GZ06O | B07K8LM315 B07K8NP1Y4 |
| 16 | YtmYAN manufacturer | A1O4D90WRDL621 | B0795QSKKS |
| 17 | 01jinbao | 2178431695@qq.com | |
| 18 | deal_ideal | unique_queen168@outlook.com | |
| 18 | global_cooperation | unique_queen168@outlook.com | |
| 19 | fge8866 | wp3253705huis@163.com | |
| 20 | firm-faith*top2 | shop2top@outlook.com | |
| 21 | upbing | stagerpbpay@hotmail.com | |
| 22 | wlingpin_0 | m15797778690@163.com | |
| 23 | 2018yanbing | PayPal * Wish | https://www.wish.com/merchant/590b4ca92f098f220869e217 |
| 24 | actionnow Inc | PayPal * Wish | https://www.wish.com/merchant/55ee457d88bbc24260dab099 |
| 25 | aioniya my love | PayPal * Wish | https://www.wish.com/merchant/58d91af91bfb9554135eff27 |
| 26 | allyouwantiave | PayPal * Wish | https://www.wish.com/merchant/5a6f49c5149ff877826e7928 |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number / PayPal Account | Goyard Branded Item's ASIN / Store URL |
|---|---|---|---|
| 27 | apexcostumes | PayPal * Wish | https://www.wish.com/merchant/576224e3e0953c5e5f51e6a5 |
| 28 | bagsworld2046 | PayPal * Wish | https://www.wish.com/merchant/57ff7a0a8bf5da3015bf0d88 |
| 29 | Baodanxiamen | PayPal * Wish | https://www.wish.com/merchant/5a1d7a377ce75c6d09f2a678 |
| 30 | Caco | PayPal * Wish | https://www.wish.com/merchant/59dc91b088dd762ed0b1201a |
| 31 | cheryl1223 | PayPal * Wish | https://www.wish.com/merchant/584975faef56286bc1b42ba7 |
| 32 | chuDAY | PayPal * Wish | https://www.wish.com/merchant/583444896339b451f5934e09 |
| 33 | czp | PayPal * Wish | https://www.wish.com/merchant/5a9fcaeadb5f1f3b60043388 |
| 34 | Egeskov | PayPal * Wish | https://www.wish.com/merchant/57e0e888d55f3b32ccb766ec |
| 35 | Elear | PayPal * Wish | https://www.wish.com/merchant/596e06425dd45b146594fa9e |
| 36 | fashionnew678 | PayPal * Wish | https://goyard.wish.com/merchant/5a1fd5b6276532120466c15 |
| 37 | favourable | PayPal * Wish | https://www.wish.com/merchant/5a9f64994215953c807bc0cb |
| 38 | fengtin | PayPal * Wish | https://www.wish.com/merchant/5965e966366c065f9efdc799 |
| 34 | hanzhaoyang | PayPal * Wish | https://www.wish.com/merchant/592d2470ede5f60e1e8aa4c6 |
| 40 | huazhiyun | PayPal * Wish | https://www.wish.com/merchant/58ec983fd2812f143fa139a9 |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number / PayPal Account | Goyard Branded Item's ASIN / Store URL |
|---|---|---|---|
| 41 | huozhifa | PayPal * Wish | https://www.wish.com/merchant/5a9fa16f70cf6928a0ba5fb0 |
| 42 | jinxing fashion | PayPal * Wish | https://www.wish.com/merchant/54118add9acad808dc7248a8 |
| 43 | KassandraTrevino | PayPal * Wish | https://www.wish.com/merchant/59c48f7a8696be145b50a803 |
| 44 | keeptime | PayPal * Wish | https://www.wish.com/merchant/59c48f7a8696be145b50a803 |
| 45 | lCON | PayPal * Wish | https://www.wish.com/merchant/5601653eda7c895306aeb216 |
| 46 | liyaxing | PayPal * Wish | https://www.wish.com/merchant/598c3cb62351347694d74c64 |
| 47 | minx2828 | PayPal * Wish | https://www.wish.com/merchant/5aeed7ce5ce18017964fbd3a |
| 48 | mynewsaleworld | PayPal * Wish | https://www.wish.com/merchant/582da9c82f28c9429abda404 |
| 49 | One thousand years later | PayPal * Wish | https://www.wish.com/merchant/5a082a8bfd9db80ddb92fd78 |
| 50 | qiaoxinlnig | PayPal * Wish | https://goyard.wish.com/merchant/5917f93eb3ee2b0a5865da5e |
| 51 | shine day | PayPal * Wish | https://www.wish.com/merchant/5978726b439a985ac86fe882 |
| 52 | Shiningbuy | PayPal * Wish | https://www.wish.com/merchant/57d2acb2241d453e23f7568c |
| 53 | Siliu | PayPal * Wish | https://www.wish.com/merchant/59a4052f4b913a4b47048cab |
| 54 | something of dog | PayPal * Wish | https://www.wish.com/merchant/5a37b79187c25b3511f4b12d |

| Def. No. | Defendant / Seller ID | Amazon Seller ID Number / PayPal Account | Goyard Branded Item's ASIN / Store URL |
|---|---|---|---|
| 55 | songkay | PayPal * Wish | https://www.wish.com/merchant/5ad30ac4c3911a3505dd2ca9 |
| 56 | T_Store | PayPal * Wish | https://www.wish.com/merchant/591330c23bf9672b5e2f24e9 |
| 57 | themariashop | PayPal * Wish | https://www.wish.com/merchant/5a9109019c15ff2160a014e7 |
| 58 | wdx16888 | PayPal * Wish | https://www.wish.com/merchant/5883092c8721004cb3ef524e |
| 59 | winnerseller | PayPal * Wish | https://www.wish.com/merchant/58e6f9d9df0aa110413ba699 |
| 60 | WZBPG888 | PayPal * Wish | https://www.wish.com/merchant/579dcf4421933e5e98ea502a |
| 61 | xiaoshanfuzhuang | PayPal * Wish | https://www.wish.com/merchant/599958ddf628f56f91979a3b |
| 62 | yueyuemama1314 | PayPal * Wish | https://www.wish.com/merchant/5858d5dcf6f47751e4e74752 |
| 63 | YuYao fashion shoes | PayPal * Wish | https://www.wish.com/merchant/596f4203905fdb5a44ae3b3b |
| 64 | ZarrinHandmade | PayPal * Wish | https://www.wish.com/merchant/5815cdf8df52b11b7f306ace |
| 65 | zhh724 | PayPal * Wish | https://www.wish.com/merchant/584c2599fef409606e39c03c |
| 66 | zhihaoxiezi | PayPal * Wish | https://www.wish.com/merchant/5884d43318b9ed60e45dc62f |
| 67 | zwyouth40 | PayPal * Wish | https://www.wish.com/merchant/58a1923d7477cb5101740afa |